UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-62549-BLOOM/Valle

CITIMORTGAGE, INC.,

    Plaintiff,

v.

BBX CAPITAL CORPORATION,

    Defendant.
_____/

## ORDER ON MOTION FOR LEAVE TO AMEND COMPLAINT, ANSWER, AND AFFIRMATIVE DEFENSES

**THIS CAUSE** is before the Court upon Plaintiff/Counter-Defendant CitiMortgage, Inc.'s ("Plaintiff") Motion for Leave to Amend Complaint, Answer, and Affirmative Defenses, ECF No. [49] ("Motion"). Defendant BBX Capital Corporation ("BBX") filed an expedited Response, ECF No. [51] ("Response"), to which Plaintiff filed a Reply, ECF No. [54] ("Reply"). The Court has carefully considered the Motion, Response, and Reply, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

Plaintiff requests leave to amend certain allegations in its declaratory judgment allegations and affirmative defenses to BBX's counterclaim as a result of BBX's expert J.F. "Chip" Morrow's recent deposition testimony regarding his reports, the opinions therein, and related exhibits. Specifically, Plaintiff seeks to amend its statute of limitations affirmative defenses to BBX's counterclaims, clarify its existing accord and satisfaction defense to BBX's repurchase counterclaim, and to supplement its existing waiver and estoppel defenses by pleading the same facts already pled in support of its existing accord and satisfaction defense. In response, BBX argues that Plaintiff does not demonstrate good cause to allow it to amend after the deadline to

amend has passed, and that Plaintiff has failed to show that it acted diligently in seeking leave to amend.

Generally, Rule 15 of the Federal Rules of Civil Procedure governs amendment to pleadings. Apart from initial amendments permissible as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). In any event, "the grant or denial of an opportunity to amend is within the discretion of the District Court . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Under the Rules of Civil Procedure, district courts are required to "enter a scheduling order that limits the time to . . . join other parties and to amend the pleadings . . . ." Fed. R. Civ. P. 16(b). Scheduling orders "control the subsequent course of the action unless modified by a subsequent order," Fed. R. Civ. P. 16(e), and may be modified only "upon a showing of good cause." Fed. R. Civ. P. 16(b). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note) (quotations omitted). According to the Eleventh Circuit, Rule 16 is the proper guide for determining whether a delay is excusable when a motion to amend is filed after a scheduling order deadline. *Id*. at 1418 n.2; *see also Smith v. Sch. Bd. of Orange Cty.*, 487 F.3d 1361, 1366-67 (11th Cir. 2007) (holding that "where a party files an untimely motion to amend, [we] must first determine whether the party

complied with Rule 16(b)'s good cause requirement," before considering whether "justice so requires" allowing amendment). If the party seeking relief "was not diligent, the [good cause] inquiry should end." *Sosa*, 133 F.3d at 1418 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

Upon review, the Court agrees that Plaintiff has failed to demonstrate the good cause necessary to justify amendment of its pleadings at this stage, or that it acted with the necessary diligence. First, Plaintiff concedes that its Motion is not premised upon newly discovered facts, but on BBX's expert's opinions. Second, Plaintiff seeks to amend its complaint and answer to the counterclaim to clarify and supplement existing allegations, but the Court is not persuaded that Plaintiff's reliance upon Defendant's expert's testimony is a proper basis for amendment under the circumstances.

Furthermore, Plaintiff's Motion is untimely. Although Plaintiff contends that BBX's expert's opinions have changed continuously since the issuance of his first report in December, 2018, Plaintiff concluded the expert's deposition on November 20, 2019, and waited nearly four additional weeks to file the Motion until December 17, 2019, the date of the discovery cut off in this case. Under the circumstances, the Court finds that this delay is not justified. And even though Plaintiff contends that the parties have proceeded without a scheduling order until this case was transferred, the Plaintiff initiated this action over two years ago, on December 22, 2017, and the parties have proceeded with discovery. Moreover, this Court entered a scheduling order on August 30, 2019, ECF No. [37] ("Scheduling Order"), setting the applicable deadlines in this case. This was after a scheduling order had been entered by the previous judge. *See* ECF No. [29]. The Court recognizes that its Scheduling Order did not allow the parties until November 28, 2019 to amend, as they believed was the date established by the previous Judge's schedule. However, the instant

Motion was not even filed by the previous judge's deadline to amend pleadings. Moreover, it was incumbent upon Plaintiff to promptly request that the Court set such a deadline, and not to seek a belated extension on the date of the discovery cut off. Notably, by the time of issuance of the Scheduling Order, Defendant's expert had served two additional amended versions of his report (on June 19, 2019 and August 29, 2019), Defendant's expert was first deposed on October 31, 2019, and served a revised version of exhibits to his amended report on November 8, 2019. Thus, the Court is not persuaded that Plaintiff has only now recognized the need to amend. Accordingly, the Court does not find that Plaintiff has exercised diligence in seeking the relief it now belatedly requests.

As a result, the Motion, **ECF No. [49]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 27, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record